## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **HAROLD HILL** | **CIVIL ACTION NO. 09-0695** |
|     LA. DOC. #94070 | |
| VS. | **SECTION P** |
| | |
| **JERRY GOODWIN, WARDEN** | **CHIEF JUDGE JAMES** |
| **DAVID WADE CORRECTIONS CENTER** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Harold Hill, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 24, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Corrections. He is incarcerated at the David Wade Correctional Center, Homer, Louisiana. By this petition, Hill attacks his 1981 murder and manslaughter convictions in the Fifth Judicial District Court, Richland Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **TRANSFERRED** to the Fifth Circuit Court of Appeals.

### *Statement of the Case*

Petitioner pled guilty to second degree murder and manslaughter on February 25, 1981, in the matter of *State of Louisiana v. Harold Hill*, No. 33,377, Fifth Judicial District Court, Richland Parish, Louisiana. In accordance with a plea agreement, he was sentenced to concurrent terms of life and 21 years.

On August 5, 1991, he filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C.

§2254 in this Court. See *Harold Hill v. Warden, La. State Penitentiary*, No. 3:91-cv-2032 (hereinafter *Hill I*). Petitioner argued claims of involuntary guilty plea and ineffective assistance of counsel. On February 16, 1993, United States District Judge Donald E. Walter signed a judgment dismissing the petition with prejudice [*Hill I*, rec. doc. 23]. On August 19, 1993, Judge Walter concluded that petitioner was not entitled to a Certificate of Probable Cause. [*Hill I*, rec. doc. 28] On January 19, 1994, the United States Fifth Circuit Court of Appeals denied petitioner's motion for a certificate of probable cause and dismissed the appeal. [*Hill I*, rec. doc. 29]

Petitioner filed the instant petition on April 24, 2009. In this petition Hill attacks the same 1981 convictions arguing that he was mentally incompetent at the time of his guilty plea and that he was thus incapable of an intelligent waiver of his rights.

*Law and Analysis*

A *habeas corpus* petition is not "second or successive" simply because it is filed after an earlier federal petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). According to the Fifth Circuit "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id*.; *Crone v. Cockrell*, 324 F.3d 833, 836-837 (5th Cir. 2003).

The claim for relief raised herein was either raised in the earlier habeas corpus petition, or it could have been. Therefore, the instant petition must be considered a "second or successive" petition for writ of habeas corpus. Before a successive petition is filed in district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

Petitioner has not sought and received authorization to file a second or successive petition from the Fifth Circuit Court of Appeals, therefore, this court lacks jurisdiction to consider his petition. See *Burton v. Stewart*, 549 U.S. 147, 157, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999).

Petitioner must comply with the statute and obtain an order authorizing this Court to consider his claims from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3); *In re McGinn*, 213 F.3d 884, 885 (5th Cir.2000).

In *In re Epps,* 127 F.3d 364 (5th Cir.1997), the Fifth Circuit adopted a procedure which might be employed when a successive petition is filed in the district court. *Epps* suggests that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is appropriate.

Accordingly, for the above reasons,

**IT IS RECOMMENDED** that petitioner Harold Hill's second and successive Application for Writ of *Habeas Corpus* be transferred to the United States Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(b)(3) for further proceedings by that Court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following

the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe, Louisiana, July 20, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE